# In the United States Court of Federal Claims

TONY M. TOWNSEND,

    Plaintiff,

    v.

THE UNITED STATES,

    Defendant.

No. 19-cv-00759 T

Filed: September 16, 2020

**MEMORANDUM AND ORDER**

Plaintiff *pro se,* Tony M. Townsend, brings this suit against Defendant United States, alleging, *inter alia,* that Defendant, acting through the Internal Revenue Service (IRS), has been improperly withholding his tax refund since 1995. Complaint (ECF No. 1) (Compl.) at 1-3. In his Response, Plaintiff expanded upon his complaint[1] and clarified that his claims are limited to tax years 1995-2003, 2011, and 2012. *See* Plaintiff's Response to Motion to Dismiss (ECF No. 14) (Pl. Resp.) at 1-3. Specifically, Plaintiff alleges that on May 23, 2003, the Circuit Court of Cook County, Illinois found that Plaintiff was entitled to a refund of $16,382.91 for amounts paid in child support. Pl. Resp. at 1, Ex. A. Plaintiff alleges he is entitled to a refund from the IRS of this amount, which he alleges the IRS illegally exacted through offsets applied to the "Child Support Enforcement Agency" from 1995-2003. Pl. Resp. at 1. Next, Plaintiff alleges that, for tax year 2011, the IRS assessed his tax liability based on erroneous documents submitted by his employer. He states that he sent the IRS evidence of the error, but the IRS never revised its assessment. Pl.

---

[1] As Plaintiff is acting *pro se*, the Court liberally construes Plaintiff's pleadings and addresses each of the allegations in his Response, despite that such claims are not fully specified in the complaint.

Resp. at 1-2, Ex. B.  Further, Plaintiff alleges that for tax year 2012, the IRS erroneously withheld his tax refund, erroneously denied his earned income and child tax credits, and erroneously applied an offset of a non-IRS debt from amounts Defendant owed to the Plaintiff.  Pl. Resp. at 2-3, Ex. C.  As relief, Plaintiff seeks "all monies owed to [him]," although his Response to Defendant's Motion to Dismiss is not clear as to the exact amount Plaintiff seeks to recover for which tax year.  Compl. at 3; *see also* Pl. Resp. at 1, Ex. A (alleging that the Circuit Court of Cook County, Illinois found that Plaintiff is entitled to a refund in the amount of $16,382.91, without specifying the nature of the refund or the entity responsible for refunding the Plaintiff); Pl. Resp. at 1-2, Ex. B (alleging Plaintiff is entitled to a refund for tax year 2011, without specifying an amount); Pl. Resp. at 2-3, Ex. C (alleging Plaintiff is entitled to a refund of $4,616.25 for tax year 2012, which accounts for Plaintiff's alleged earned income credit of $1,557.25 and a $3,059 child tax credit but not the IRS's offset of a non-IRS debt in the amount of $50.13).

Defendant timely moved to dismiss the Complaint for lack of subject-matter jurisdiction and failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6).  *See generally* Def. Motion to Dismiss (ECF No. 13) (Def. Mot.) at 1, 7-10; Def. Reply (ECF No. 17) at 1-4.  In addition, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*.  (ECF No. 2.)

On February 27, 2020, this case was transferred to the undersigned judge pursuant to Rule 40.1(c).  *See* ECF No. 18.  This Court has considered each of the parties' filings and arguments in ruling on the pending motions.  For the reasons set forth below, this Court grants Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2), and grants Defendant's Motion to Dismiss (ECF No. 13), pursuant to Rules 12(b)(1) and 12(h)(3).

DISCUSSION

I.      *In Forma Pauperis* Motion

As an initial matter, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* in this matter, pursuant to 28 U.S.C. § 1915. In support of his Motion, Plaintiff submitted documentation satisfying the statute's requirements. Accordingly, this Court grants Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) in this matter.

II.      Motion to Dismiss

Pursuant to Rules 12(b)(1) and 12(h)(3), this Court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering a motion to dismiss based on lack of subject-matter jurisdiction, this Court accepts as true all uncontroverted factual allegations made by the non-movant and draws all reasonable inferences in the light most favorable to that party. *See Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the Court may consider relevant evidence outside the complaint in resolving the dispute. *See Reynolds v. Army & Airforce Exch. Serv.,* 846 F.2d 746, 747 (Fed. Cir. 1988) (citations omitted); *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014). This Court must liberally construe the filings of *pro se* plaintiffs. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). As with all other litigants, however, this Court must have jurisdiction over claims brought by *pro se* litigants. *See Reynolds*, 846 F.2d at 748.

Additionally, a plaintiff filing a complaint in this Court seeking a refund of taxes must comply with the pleading requirements of Rule 9(m), which reflects pleading requirements necessary to meet the jurisdictional threshold established by Section 7422(a) of the Internal

3

Revenue Code ("I.R.C."). *See* Rule 9(m).

### a. Tax Years 1995-2003

For tax years 1995-2003, Plaintiff alleges that the IRS illegally exacted Plaintiff's tax refund by offsetting the refund amounts due to Plaintiff to satisfy a prior, outstanding child support debt. To support this assertion Plaintiff states that on May 23, 2003, the Circuit Court of Cook County, Illinois found that Plaintiff was not the biological father of said child and was therefore entitled to a refund of $16,382.91 from the state for amounts paid in child support. Pl. Resp. at 1, Ex. A. Plaintiff seeks a refund of this amount from the United States. *See id.*; Compl. at 1-3.

An illegal exaction claim against the United States "involves money that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Flander v. United States,* 737 F. App'x 530, 532 (Fed. Cir. 2018) (quoting *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (internal quotations and citation omitted)). "To invoke Tucker Act jurisdiction over an illegal exaction claim, a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by necessary implication, that the remedy for its violation entails a return of money unlawfully exacted." *Id.* (internal quotation and citation omitted). In the context of the Treasury Offset Program, "an illegal exaction would arise if there was no legally enforceable debt." *Flander,* 737 F. App'x at 532 (internal quotations and citation omitted). Section 6402 of the I.R.C. authorizes the Treasury Department to offset the amount of any tax refund due to an individual by the amount that individual owes to a state. Subsection (e) of section 6402 requires the Secretary of the Treasury to offset federal income tax refunds and apply the offset to any a "past-due, legally enforceable State income tax obligation" upon receiving notice from a state that such a tax obligation is owed. I.R.C. § 6402(e)(1); *see also* Internal Revenue Manual (I.R.M.) § 21.4.6.4.2 ("[The] Bureau of the

Fiscal Service initiates refund offsets to outstanding federal agency debts or child support, State Income tax obligations and Unemployment Compensation debts."). Subsection (g) of section 6402 states that "[n]o court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c), (d), (e), or (f)." 26 U.S.C. § 6402(g). However, section 6402(g) also states that this section "does not preclude any legal, equitable, or administrative action against the Federal agency or State to which the amount of such reduction was paid." *Id.*

The Court lacks subject matter jurisdiction over this claim because Plaintiff filed his complaint outside of the applicable six-year statute of limitations. Claims for illegal exaction brought under the Tucker Act must be brought within six years after the date the claim accrues. 28 U.S.C. § 2501. The statute of limitations requirement is a jurisdictional requirement that may not be waived by this Court. *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1354-55 (Fed. Cir. 2006), *aff'd*, 552 U.S. 130 (2008); *Martinez v. United States*, 333 F.3d 1295, 1316 (Fed. Cir. 2003) (en banc). The statute of limitations begins to run under the Tucker Act, "when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue [in this Court] for his money." *Martinez*, 333 F.3d at 1303 (internal quotations and citations omitted).

In the context of Plaintiff's complaint, the event giving rise to liability was the date the offsets at issue occurred. *See Wagstaff v. United States*, 105 Fed. Cl. 99, 112 (2012). According to IRS records, for tax years 1995-1998, and 2010-2012, the Bureau of the Fiscal Service (BFS) offset a portion of his tax refunds to satisfy non-IRS debts through the Treasury Offset Program. *See* Def. Mot. Ex A (IRS Account Transcripts) at 0002, 0004, 0005, 0007, 0024, 0027, 0028; Ex. B (IMOFOLT Account Transcripts) at 0040-41, 0042, 0043, 0047, 0064, 0067, 0073. Only tax

years 1995 and 1996, however, show offsets that were made to satisfy debts owed to the Office of Child Support Enforcement.  *See* Def. Mot. Ex. A at 002-003 (1995 tax year), 004 (1996 tax year).  The Offsets for 1995 and 1996 were applied respectively on August 2, 1996 and February 17, 1997.  *See id*.  Even assuming these alleged illegal exactions accrued in 2003, Plaintiff filed his complaint on May 15, 2019, well outside of the six-year statute of limitations period.  *See generally* Compl.  While this Court sympathizes with Mr. Townsend, the Court lacks authority to waive the statute of limitations period, and accordingly this claim must be dismissed as time barred.  *See John R. Sand & Gravel Co.*, 457 F.3d at 1354-55.[2][3]

### b. Tax Year 2011

Next, Plaintiff alleges in his Response that for tax year 2011, the IRS assessed his tax liability based on erroneous documents submitted by his employer.  Specifically, he alleges that his employer submitted a Form 1099 when it should have submitted a Form W-2.  Pl. Resp. at 1-2.  He alleges that he sent the IRS evidence of the error, but the IRS never revised its assessment.  *See* Pl. Resp. at 1-2 & Ex. B.  Plaintiff attached a fax dated April 3, 2018, as evidence that he filed a refund claim for 2011.  *See* Pl. Resp. Ex. B.  Plaintiff also attached two letters from the IRS dated March 31, 2014 and February 5, 2018, which reference an unspecified request Mr. Townsend made to the IRS for tax year 2011.  *See id*.

---

[2] Even if Plaintiff's claim were not barred by the statute of limitations, the Section 6402(g) bar on judicial review may also require dismissal of this claim.  *See Bible v. United States*, 141 Fed. Cl. 718, 722 (citing, *inter alia,* I.R.C. § 6402(g)), *aff'd,* 783 F. App'x 1039 (Fed. Cir. 2019) *cert. denied*, No. 19-7588, 2020 WL 1326045 (U.S. Mar. 23, 2020).

[3] To the extent that Plaintiff complains that a state refund has not issued, or to the extent that Plaintiff's claims can be construed as against the Illinois Department of Taxation, or other non-federal actors, those claims are dismissed for lack of jurisdiction.  *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (Tucker Act "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . relief sought [against parties other than the] United States . . . must be ignored as beyond jurisdiction of the court."); *see Curry v. United States*, 787 F. App'x  720, 722-23 (Fed. Cir. 2019) (citing *Trevino v. United States*, 557 F. App'x 995, 998 (Fed. Cir. 2014)).

Pursuant to I.R.C. § 7422, a taxpayer may bring an action in this Court to recover internal revenue tax allegedly erroneously or illegally assessed, provided that the taxpayer first files a claim for a refund with the Internal Revenue Service.  26 U.S.C. § 7422(a); *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *Dumont v. United States*, 345 F. App'x 586, 592 (Fed. Cir. 2009).

Moreover, under I.R.C. § 6511 (a), the taxpayer must file the administrative refund request within the later of "3 years from the time the return was filed or 2 years from the time the tax was paid."  26 U.S.C. § 6511(a).  Further, "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been "erroneously," "illegally," or "wrongfully collected," . . . may not be maintained in any court."  *United States v. Dalm*, 494 U.S. 596, 602 (1990); *Clintwood Elkhorn Mining*, 553 U.S. at 4-5, 14; *see also Commn'r v. Lundy*, 516 U.S. 235, 240 (1996) ("provisions governing refund suits in . . . the United States Court of Federal Claims . . . make timely filing of a refund claim a jurisdictional prerequisite to filing suit").

Here, Plaintiff attached a fax dated April 3, 2018, as evidence that he filed a refund claim on that date for tax year 2011.  *See* Pl. Resp. Ex. B.  Even assuming *arguendo* the fax is valid evidence of the filing of a refund claim, such claim was not filed within three years of the date of Plaintiff's tax return or within two years of the date of payment for tax year 2011 and therefore is time-barred by I.R.C. § 6511.  *See Pennoni v. United States*, 86 Fed. Cl. 351, 361 (2009) ("Whether a plaintiff has satisfied the claim requirements depends in part on whether the plaintiff has filed a timely claim with the IRS.") (citations omitted).  Moreover, neither the March 31, 2014 or February 5, 2018 correspondence from the IRS reference or otherwise evidence a refund claim was timely submitted within the statute of limitations. Pl. Resp. Ex. B.  Accordingly, the Court

lacks jurisdiction to hear this claim. *See Dalm*, 494 U.S. at 609 ("For the District Court to have jurisdiction over her suit for refund, Dalm was required to file a claim for refund of the tax within three years of the time the gift tax return was filed or two years of the time the tax was paid, whichever period expires later."); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("It is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit."); *see also* Rule 9(m) (requiring valid evidence of a claim for refund to be attached to plaintiff's pleading).

### c. Tax Year 2012

Lastly, Plaintiff alleges that for tax year 2012, he is entitled to a refund in the amount of $4,616.25. *See* Pl. Resp. at 2. Specifically, Plaintiff alleges he is entitled to an earned income credit of $1,557.25 and a $3,059 "child tax credit." Pl. Resp. at 2-3, Ex. C. Plaintiff also challenges an offset of a non-IRS debt in the amount of $50.13 for this same tax year. *Id.* Notably, Plaintiff also has an unpaid balance from tax year 2012 of the identical amount he seeks, $4,616.25. *See* Def. Mot. Ex. A at 0028-29, Ex. B at 0073-77. That sum remained outstanding at the time Plaintiff filed his complaint in this Court. *See id*.

Plaintiff's refund claim for tax year 2012 is unavailing. It is well-established that a plaintiff must make payment of the full tax before he may bring a refund suit for that tax year. *Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (citing *Flora v. United States*, 362 U.S. 145, 150 (1960)). Because Plaintiff has an outstanding balance of $4,616.25 for the 2012 tax year and did not make payment of the full tax prior to bringing his suit, this Court is without jurisdiction to hear Plaintiff's refund claim.[4] *See id; Ellis v. United States*, 796 F. App'x 749, 750 (Fed. Cir. 2020)

---

[4] It appears that the Court is similarly without jurisdiction to hear Plaintiff's 2012 claim because it is untimely. In support of this refund claim, Plaintiff attached a fax, dated April 3, 2018, wherein he requests reconsideration of the IRS's denial of his claimed earned income and child tax credits for the 2012 tax year. *See* Pl. Resp. Ex. C. Even if considered to be an informal claim, and resolving all inferences in Mr.

(affirming dismissal of plaintiff's tax refund claims where plaintiff failed to plausibly allege that he paid the tax liability in full prior to bringing suit).  Accordingly, the Court is without jurisdiction to hear Plaintiff's refund claim for the 2012 tax year.

Finally, to the extent Plaintiff challenges the $50.13 offset as an illegal exaction, and notwithstanding the fact that Plaintiff did not properly file this action against the federal agency to which such amount was paid, this claim too, is untimely.  As noted, claims for money damages under the Tucker Act must be brought within six years after the date the claim accrues.  *See* 28 U.S.C. § 2501.  Viewing Plaintiff's complaint and arguments in the light most favorable to him, Plaintiff's illegal exaction action arose on April 29, 2013, when the IRS applied the offset for a "non-IRS debt."  *See* Def. Mot. Ex. A at 0028-29; Ex. B at 0073.  Again, Plaintiff filed his complaint on May 15, 2019, more than six years after the alleged illegal exaction occurred.  *See generally* Compl.

For the reasons set forth above, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3).

## CONCLUSION

For the reasons set forth above, this Court **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2).  This Court also **GRANTS** Defendant's Motion to Dismiss (ECF No. 13).  The Clerk of Court shall enter judgment for Defendant and shall mark this case as closed.

IT IS SO ORDERED.

/s Eleni M. Roumel
ELENI M. ROUMEL
Judge

---

Townsend's favor, the fax was sent well outside of the statute of limitations period proscribed by I.R.C. § 6511.  *See* 26 U.S.C. § 6511(a).